UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                              CASE NO: 2:13-cr-3-FtM-29DNF

MICHAEL PEREZ

_____

**OPINION AND ORDER**

    This matter comes before the Court on defendant's Motion for a New Trial and for a Hearing on this Matter (Doc. #95) filed on January 15, 2015.  The government's Response In Opposition to Defendant's Motion for New Trial (Doc. #99) was filed on January 28, 2015, and its Notice of Filing Attachments (Doc. #101) was filed on January 29, 2015.  With the permission of the Court, Defendant filed a Reply (Doc. #104) on February 10, 2015.  Both sides have filed various exhibits relating to the events occurring in connection with defendant's subsequent state court trial and conviction for murder.  Defendant asserts that events surrounding the state trial establish that Ms. Montella Edwards lied in his federal trial when she testified she saw defendant with a firearm, and thus a new trial is warranted under Fed. R. Cr. P. 33(a) and 33(b) based upon the newly discovered evidence.

    Rule 33 allows a defendant to file a motion for a new trial within three years after the verdict if the motion is based on "newly discovered evidence."  Fed. R. Crim. P. 33(b)(1). The court may grant the motion "if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  To succeed on a Rule 33 motion based on

newly discovered evidence, the defendant must establish that: "(1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result." United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003) (internal quotation marks omitted). The failure to establish any one of these elements is fatal to a motion for a new trial. United States v. Starrett, 55 F.3d 1525, 1554 (11th Cir. 1995). Motions for a new trial based on newly discovered evidence "are highly disfavored ... and should be granted only with great caution." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc) (internal quotation marks omitted). The decision whether to hold an evidentiary hearing on a motion for a new trial based on newly discovered evidence is within the trial court's sound discretion. United States v. Slocum, 708 F.2d 587, 600 (11th Cir. 1983). A defendant is not entitled to an evidentiary hearing on a Rule 33 motion if "the acumen gained by a trial judge over the course of the proceedings [made him] well qualified to rule ... without a hearing." United States v. Schlei, 122 F.3d 944, 994 (11th Cir. 1997) (internal quotation marks omitted).

The undersigned presided over the trial and sentencing in this case, and remembers it well. In addition, the Court has

reviewed the trial transcripts and the sentencing transcripts (Docs. ##74-76). The government has not disputed the first two requirements for a new trial, and the Court assumes both have been satisfied. The Court also finds that the subject matter of the evidence is material to issues before the Court, i.e., defendant's guilt of the charged firearm offense. The Court concludes, however, that neither of the remaining requirements have been satisfied. At best from defendant's perspective, the new evidence (if authentic) is merely impeaching, and such impeachment is cumulative of testimony heard by the federal jury concerning Ms. Edwards's admitted prior inconsistent statements. In the Court's view, the new evidence would not probably produce a different result at trial. Even without crediting Ms. Edwards's testimony, the government had an exceptionally strong circumstantial case based upon the testimony of Officer Jonathan Garcia.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for a New Trial and for a Hearing on this Matter (Doc. #95) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __16th__ day of April, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record