UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL PEREZ,

    Petitioner,

v.                                Case No: 2:17-cv-161-FtM-29MRM
                                    Case No. 2:13-CR-3-FTM-29DNF

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter came before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #131)[1] filed on March 16, 2017, by appointed counsel. The Court initially directed petitioner to supplement the motion with a memorandum of law, and for the government to respond. (Cv. Doc. #3.) Before the deadline expired, petitioner and the government filed a Joint Stipulation Regarding Section 2255 Motion (Cv. Doc. #6) agreeing that petitioner's convictions for arson and battery on detention staff no longer qualify as an Armed Career Criminal Act predicate offenses in light of Johnson v. United States, 135 S. Ct. 2551

---

[1] The Court will reference the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

(2015), and that he does not otherwise have three predicate offenses necessary for the enhancement.

On January 9, 2013, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging petitioner for possession of a firearm after having been convicted of a felony offense, and specifically: (1) First Degree Arson in Florida; (2) Battery on Detention or Commitment Facility Staff in Florida; and (3) Aggravated Assault with a Deadly Weapon in Florida. Petitioner entered a plea of not guilty and proceeded to trial. On April 17, 2013, a jury found petitioner guilty. (Cr. Doc. #58.)

On September 23, 2013, the Court sentenced petitioner as an Armed Career Criminal to a term of imprisonment of 300 months, to be followed by a term of supervised release. (Cr. Doc. #66.) Judgment (Cr. Doc. #67) was filed on September 24, 2013. Petitioner filed a Notice of Appeal, and the Eleventh Circuit affirmed in part, vacated in part, and remanded for plain error. (Cr. Doc. #83.) As a result, the Judgment was vacated and the case scheduled for resentencing. (Cr. Doc. #85.)

Petitioner was resentenced to a term of 293 months of imprisonment, to be served concurrently with Lee County Circuit Court Case No. 13-CF-0174, also followed by a term of supervised release. (Cr. Docs. ## 108, 111.) Judgment Upon Remand (Cr. Doc.

#112) was filed on April 23, 2015. This Judgment on Remand was affirmed on appeal. (Cr. Doc. #125.)

As the parties agree that the ACCA enhancement no longer applies, the Court will vacate the Judgment on Remand and re-appoint the Federal Public Defender's Office for purposes of a resentencing hearing.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #131) is **GRANTED**.

2. The Judgment on Remand (Cr. Doc. #112) filed in the criminal case is **vacated**.

3. The Clerk shall appoint the Federal Public Defender's Office to represent defendant for purposes of re-sentencing.

4. The United States Marshal's Office shall facilitate and effectuate the transportation of defendant for re-sentencing.[1] Defendant shall be available in Fort Myers **on or before October 6, 2017**.

---

[1] The Bureau of Prisons indicates that petitioner (USM #57944-018) is currently housed at USP Allenwood in the Middle District of Pennsylvania.

5. The United States Probation Office shall issue a memorandum based on the retroactive application of Johnson, and distribute copies of the memorandum to appointed counsel, the Office of the United States Attorney, and defendant **on or before October 20, 2017**.

6. The parties shall appear for re-sentencing before the undersigned on**, Wednesday, November 1, 2017, at 3:30 p.m.**, Courtroom A, Sixth Floor, Fort Myers, Florida. A separate notice will issue.

7. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file and to make a notation on the docket that the criminal judgment has been vacated.

**DONE and ORDERED** at Fort Myers, Florida, this __3rd__ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
U.S. Marshal (3 copies, certified)
Petitioner
AUSA
FPD